**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RODNEY FARRIER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO.: 17-00104-CG-B** |
| | * | |
| **JEFFERSON DUNN,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

### REPORT AND RECOMMENDATION

Plaintiff Rodney Farrier filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This action, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(R), is before the Court due to Plaintiff's failure to obey the Court's order dated April 20, 2017.

In an order dated March 9, 2017, Plaintiff's motion to proceed without prepayment of fees (doc. 2) was denied because it was on an outdated form. (Doc. 3). Plaintiff was ordered to re-file his motion on the Court's current form for a motion to proceed without prepayment of fees, or in lieu thereof, pay the $400.00 filing fee by April 10, 2017. (Id.). Plaintiff refiled his motion to proceed without prepayment of fees on the correct form, and in an order dated April 20, 2017, the Court granted his motion and directed him to pay a partial filing fee in the amount of $17.50 by May 22, 2017. (Docs. 5, 6). Plaintiff was cautioned that failure to comply with the order within

the prescribed time would result in the dismissal of his action without further notice. To date, Plaintiff has not paid the partial filing fee or requested additional time to comply with the order. Additionally, Plaintiff's copy of the Court order dated April 20, 2017 (doc.6) has not been returned to the Court.

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court. Id. at 630, 82 S.Ct. at 1389. Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Servs., Inc.*,* 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed.R.Civ.P. 41(b)); see generally Weiland v. Palm Beach Cty. Sheriff's Office*,* 792 F.3d 1313, 1320 (11th Cir. 2015) (discussing the different sources of authority for dismissals); Betty K Agencies, Ltd. v. M/V MONADA*,* 432 F.3d 1333, 1337 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent powers and Rule 41(b)).

Due to plaintiff's failure to comply with the Court's order dated April 20, 2017, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this **13th** day of **June, 2017.**

       <ins>/S/SONJA F. BIVINS</ins>
        **UNITED STATES MAGISTRATE JUDGE**